IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JOHN O'HARE, JOYCE THOMPSON, JUAN FLORES, and DALE ARTHUR, *individually and on behalf of those similarly situated*; | ) | |
| Plaintiffs, | ) | Case No. 2:25-cv-04030-WJE |
| v. | ) | **COMPLAINT - CLASS ACTION** |
| JACK COOPER TRANSPORT COMPANY, LLC; JACK COOPER INVESTMENTS, INC., | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

John O'Hare, Joyce Thompson, Juan Flores, and Dale Arthur ("Plaintiffs"), individually and on behalf of those similarly situated former employees as defined herein, bring this suit against Jack Cooper Transport Company, LLC, and Jack Cooper Investment, Inc., ("Defendants"), by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiffs on their own behalf and on behalf of the other similarly situated persons against Defendants, their employer for WARN Act purposes.

2. Founded in 1928, Defendants are one of the largest for-hire carriers in North America, based out of Kansas City, Missouri.

3. Defendants operate plants located throughout the country, including the location from where Plaintiff worked, 6301 Wyoming St., Dearborn, Michigan 48120. Defendants also

operate locations in Tennessee, Georgia, Michigan, Kentucky, Indiana, and Missouri. Upon information and belief, all employees were directed from and personnel policies were set by the corporate headquarters, located at 221 Bolivar Street, Jefferson City, Missouri 65101 ("Facility").

4. Upon information and belief, within 90 days of February 8, 2025, Defendants abruptly terminated thousands of employees nationwide, unilaterally and without proper notice to employees or staff, terminating over 50 employees and at least 33% of active full-time employees, including Plaintiffs, at the Facility.

5. In the alternative, Defendants, despite having a duty to do so, terminated Plaintiffs from their sites of employment without proper notice as required under the WARN Act:

a. On or around January 2, 2025, Defendants issued a notice that employees at the 5114 Crittenden Dr., Louisville, Kentucky Terminal ("Louisville Facility") would be terminated effective January 31, 2025.

b. On or around February 8, 2025, Defendants notified employees at the 6301 Wyoming St., Dearborn, Michigan ("Dearborn Facility") that they would be terminated effective immediately.

c. On or around February 8, 2025, Defendants notified employees at the 12502 Fogwell Parkway, Roanoke, Indiana 46783 ("Roanoke Facility") that they would be terminated immediately.

d. On or around February 8, 2025, Defendants notified the employees at 1200 Corvette Dr., Bowling Green, Kentucky ("Bowling Green Facility") that they would be terminated.

6. Plaintiffs bring this action, on behalf of themselves and other similarly situated former employees who worked for Defendants and were terminated as part of the foreseeable result

of a mass lay off or plant closing ordered by Defendants on or within 90 days of February 8, 2025, and who were not provided a full 60 days' advance written notice of their terminations by Defendants, as required by the WARN Act.

7. Plaintiffs and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337 and 29 U.S.C. § 2104(a)(5).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

10. At all times herein relevant, the Representative Plaintiffs are members of the Nationwide class (as defined below)

11. Plaintiff John O'Hare is a citizen of the United States and resident of Michigan. Plaintiff O'Hare was employed by Defendants at all relevant times at the Dearborn Facility, which, upon information and belief, directly coordinated with and was owned and operated by the corporate headquarters, located at 221 Bolivar Street, Jefferson City, Missouri 65101 and 630 Kennesaw Due West Rd., Kennesaw, Georgia 30152. He was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of his termination.

12. Plaintiff Joyce Thompson is a citizen of the United States and resident of Kentucky. Plaintiff Thompson was employed by Defendants at all relevant times at the Louisville Facility, which, upon information and belief, directly coordinated with and was owned and operated by the

corporate headquarters, located at 221 Bolivar Street, Jefferson City, Missouri 65101, and 630 Kennesaw Due West Rd., Kennesaw, Georgia 30152. She was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). She was terminated without cause and did not receive 60 days' notice of her termination.

13. Plaintiff Juan Flores is a citizen of the United States and resident of Indiana. Plaintiff Flores was employed by Defendants at all relevant times at the Roanoke Facility, which, upon information and belief, directly coordinated with and was owned and operated by the corporate headquarters, located at 221 Bolivar Street, Jefferson City, Missouri 65101, and 630 Kennesaw Due West Rd., Kennesaw, Georgia 30152. He was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of his termination.

14. Plaintiff Dale Arthur is a citizen of the United States and resident of Kentucky. Plaintiff Arthur was employed by Defendants at all relevant times at the Bowling Green Facility, which, upon information and belief, directly coordinated with and was owned and operated by the corporate headquarters, located at 221 Bolivar Street, Jefferson City, Missouri 65101, and 630 Kennesaw Due West Rd., Kennesaw, Georgia 30152. He was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of his termination.

15. Defendant Jack Cooper Transport Company, LLC, is incorporated in Delaware, with corporate headquarters located at 221 Bolivar Street, Jefferson City, Missouri 65101. As registered with the Missouri Secretary of State, Defendant may be served via its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

16. Defendant Jack Cooper Investments, Inc., is incorporated in Delaware and registered to business in Missouri. As registered with the Missouri Secretary of State, Defendant may be served via its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

17. Upon information and belief, Defendants both conducted business in this district and, at all relevant times, operated the facilities where Plaintiffs and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

18. Defendants made the decision to terminate employees, including Plaintiffs and those other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce.

## FACTS

19. Defendants run a nationwide trucking logistics operation, employing over 2,500 employees across Michigan, Ohio, Missouri, Minnesota, Kentucky, Indiana, and Tennessee.

20. Defendant Jack Cooper Transport Company, LLC, is, upon information and belief, a wholly owned subsidiary of Jack Cooper Investment, Inc.

21. Defendants Jack Cooper Investment, Inc., and Jack Cooper Transport Company, LLC, share common officers.

22. Jack Cooper Investment, Inc., retained full control over Jack Cooper Transport Company, LLC, and, collectively, the entities directed the termination of employees here, including Plaintiff, such that Jack Cooper Investment, Inc. retains de facto control.

23. Jack Cooper Investment, Inc. dictates the personnel policies for Jack Cooper Transport Company, LLC, and retains control over all employment policies for Jack Cooper Investment, Inc.

24. Defendant Jack Cooper Transport Company, LLC's operations are part and parcel to Defendant Jack Cooper Investment, Inc.'s operation, which directly derives revenue from Jack Cooper Transport Company, LLC's operations.

25. Under 20 C.F.R. § 639.3, Defendants Jack Cooper Investment, Inc., and Jack Cooper Transport Company, constitute a single employer and/or joint employer.

26. Starting on or around January 2, 2025, Defendants began notifying employees that they would be laid off, starting with the employees located in Louisville. On or around January 2, 2025, Defendants notified Plaintiff Thompson that she would be terminated effective January 31, 2025.

27. The layoffs continued nationwide. On or about February 8, 2025, Defendants informed thousands of employees at all facilities, including Plaintiff, that their jobs would be terminated on that same day. Plaintiff O'Hare, who worked at the Dearborn Facility, Plaintiff Flores, who worked at the Roanoke Facility, were included in this second round of nationwide layoffs.

28. The layoffs continued, still without notice. On or about February 17, 2025, Plaintiff Arthur, who worked at the Bowling Green Facility was notified that he would be terminated on that same day.

29. Some facilities and states received belated notices. For example, on February 10, 2025, Jack Cooper wrote to the Michigan Department of Labor concerning the termination of 199 at 9151 Billwood Highway Dimondale, MI 48821 that occurred on February 8, 2025. The notice does not specify the reason why a reduced notice period was necessary.

30. On February 10, 2025, Defendants also wrote to the Missouri Department of Higher Education and Workforce Development, specifying that 239 employees would be terminated from

655 Parr Road, Wentzille, Missouri, 63385. Again, the notice does not specify why a reduced notice period was necessary.

31. On February 28, 2025, Defendants notified the Indiana Department of Workforce Development that 251 employees would be terminated immediately. Upon information and belief, the notice did not specify why a reduced notice period was necessary.

32. Upon information and belief, the WARN notices both came from a centralized person and location, Katie Helton at 630 Kennesaw Due West Rd., Kennesaw, GA. The decision to issue WARN notice for all employees nationwide was centralized and made by the same individuals.

33. Defendants did not provide proper WARN Act Notice to employees, 60 days' in advance, as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

34. Upon information and belief, no circumstances existed that would have permitted Defendants from reducing the notification period as provided in 29 U.S.C. § 2102(b).

35. By failing to provide its affected employees who were temporarily or permanently terminated on or within 90 days of February 8, 2025, with proper WARN Act Notices and other benefits, Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

36. Plaintiffs bring their WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of February 8, 2025.

37. In the alternative, Plaintiffs each bring their WARN Act claims on behalf of the following sub-classes:

> Dearborn Facility Class (Plaintiff O'Hare): All employees of Defendants who were employed at the Dearborn Facility and terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of February 8, 2025.
>
> Louisville Facility Class (Plaintiff Thompson): All employees of Defendants who were employed at the Louisville Facility and terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of January 31, 2025.
>
> Roanoke Facility Class (Plaintiff Flores): All employees of Defendants who were employed at the Roanoke Facility and terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of February 8, 2025.
>
> Bowling Green Facility Class (Plaintiff Arthur): All employees of Defendants who were employed at the Bowling Green Facility and terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of February 17, 2025.

38. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a. The class (and each alternative subclass) includes, upon information and belief, over 50 class members and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiffs are members of the class (or members of their respective subclasses) and bring claims typical of the claims of other class members. Plaintiffs have no

interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiffs will fairly and adequately represent the class and their interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4).

39. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

40. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class or subclasses as a whole.

41. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**COUNT I**
**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**(WARN Act)**
**(*On behalf of Plaintiffs and the putative class and/or subclasses*)**

42. Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

43. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

44. Plaintiffs and the putative class members were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

45. The terminations occurring within 90 days of February 8, 2025 resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. The ongoing terminations, occurring within the 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

46. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), Defendants Jack Cooper Investment, Inc., and Jack Cooper Transport Company collectively operated the Facility that constitutes a single site of employment, from where employees received their assignments. Defendants' headquarters constitutes a single site of employment in that operations, relevant personnel policies, discipline decisions, and assignments were directed from the headquarters, making headquarters the single site of employment.

47. In the alternative, Defendants operated facilities nationwide that each constitute a single site of employment, from where they and the sub-class members received their assignments.

48. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

49. On information and belief, Defendants did not give 60 days' written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendants give proper written notice to the proper state agencies, or to the chief elected official of the local government within which the mass layoff was ordered.

50. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about January 31, 2025.

51. As such, Plaintiffs and those they seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

52. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

53. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants have no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as a representative of the Class or in the alternative, each Plaintiff as a representative of their respective subclass, and counsel of record as Class Counsel.

2. A declaration that Defendants violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiffs and those they seek to

represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiffs and those they seek to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendants have no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated: March 11, 2025

Respectfully submitted,


*/s/John F. Garvey*
John F. Garvey, #35879 (MO)
Colleen Garvey, #72809 (MO)
Ellen Thomas, #73043 (MO)
**STRANCH, JENNINGS & GARVEY, PLLC**
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

J. Gerard Stranch, IV (TN BPR #23045)
Michael C. Iadevaia (TN BPR # 41622)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Tel: (615) 254-8801 / Facsimile: (615) 255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775 / F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Ian Bensberg*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com


* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*